(23 Misc. Rep. 559.)

BROWN v. SEARS et al.    SAME v. GURNEE et al.    SAME v. BRITTON
et al.

(Supreme Court, Special Term, Onondago County.    May, 1898.)

1. REFEREE—COMPENSATION.
        Under Code, § 3296, providing that a referee's fees shall be $10 per day for each day spent as referee, "unless, at or before the commencement of the trial or hearing, a different rate of compensation is fixed," a referee appointed to try three cases, in all of which the plaintiff was the same, and in which the attorneys for all the parties stipulated "that the referee may fix his own fees," cannot charge $10 per day for each day spent in all the cases as fees in each case, but can only charge one-third of that amount.

2. SAME—WITNESS FEES.
        Where three actions, brought by the same plaintiff against different defendants, are tried together by a referee under a stipulation which provided that "the evidence is to be taken as in one case, and to be deemed to be taken in all of the cases so far as applicable," the fees of witnesses who were called and testified but once, but whose evidence was admissible in all the cases, should be taxed but once, and apportioned among the actions.

3. STIPULATION—STENOGRAPHER'S FEES.
        The attorneys in three actions brought by the same plaintiff against different defendants, and tried by the same referee as one case, stipulated that one-half of the stenographer's fees should be paid by plaintiff, and one-half by defendants, and the successful party could tax the amount paid by him as costs. Held, that the expense of a third copy of the minutes might be included under the stipulation.

Action by Walter Brown against James Sears and another, and by same plaintiff against Albert Gurnee and another, and by the same plaintiff against Byron M. Britton and another.    Motion by plaintiff to correct taxation of costs.    Motion granted.

Edwin Nottingham, for the motion.
L. L. Waters, opposed.

HISCOCK, J.    The above-entitled actions were referred to and tried before the same referee.    At the commencement of the trial the following stipulations were made by the attorneys for the various parties, and entered upon the record, viz.:

"Stipulated that the referee may fix his own fees. Stipulated that the stenographer's fees shall be paid one-half by the plaintiff and one-half by the defendants in the above cases, and that the successful parties may tax the portion paid by them as a disbursement. Stipulated that the evidence is to be taken as in one case, and to be deemed to be taken in all of the cases, so far as applicable."

Nothing further than the above stipulation was ever done to fix the rate of compensation of the referee.    The cases were tried as one, the same attorneys or counsel taking part in and conducting the trial in behalf of all the defendants in the different actions, al-

though there were different attorneys of record. The referee found in behalf of the defendants in each case, and judgment was, in accordance with such referee's decision, entered in their favor. The referee's certificate was to the effect that he was occupied 25 days in all of the cases together, and that he incurred about $150 expenses in the way of car fare, hotel expenses, etc. The defendants were by the clerk allowed to and did tax the statutory allowance of $10 per day for the entire number of days occupied by the referee in all of the cases, in every one of them; and also one-third of the above expenses, to wit, $50 in every one of the cases. In addition, the fees of all of the witnesses called by the defendants were taxed in every one of the cases, amounting to $45.08 in every case, although the witnesses, under the arrangement above indicated, were not called and sworn separately therein. The fees of the stenographer who took the minutes upon the trial were taxed at an aggregate of $650, divided equally between the three cases.

Plaintiff claims that it was error to tax the referee's fees, for the entire time consumed in all of the cases, separately in every one of them; also to tax the expenses above incurred; also to tax the entire fees of all of the witnesses separately in every case; also that the stenographer's fees were taxed erroneously, in that allowance was made for a third copy of the minutes, which was not authorized.

I think it was error to tax the fees of the referee for the entire time occupied in the three cases separately, in every one of them, which is in effect, as claimed by the plaintiff, allowing the referee three days' fees for each day occupied. It doubtless might happen that a referee in many different cases might technically hold a session in all of them on the same day, and therefore be entitled to several days' compensation for one day's work, but this would be where there was no relation between the cases. That is not the case here. The same person was plaintiff in all of these cases. The subject-matter of all of them was more or less related, and the defendants had a common interest, although technically, perhaps, separate rights. The same attorneys appeared and acted together for all of the defendants. Under these circumstances, they were referred to the same referee under a stipulation practically that there should be one trial in all of the cases at once, and this was, as a matter of fact, what happened. Under such circumstances, I think it very clear that the reasonable construction is that the trial was a common one, for the benefit of all three cases, and that the expenses in the way of referee's fees should be divided equally between such cases, rather than that such trial should be treated as a separate and distinct one for every one of the cases, and the fees of the referee for time spent therein be taxed three times. Upon the completion of the trial the referee would be entitled to spend such time in every case in carrying out and applying the labors of the trial to that particular case, in the way of findings, decree, etc., as might be necessary, and fees for this time, added to one-third of the fees for the labor, common to all of the cases, would be the proper charge in that particular case. It was assumed, however, that if the defendants were not entitled to tax full fees in every case as they had done, a division accurate

enough would be arrived at by apportioning the entire fees equally between the three cases, which may be done.

I do not know and there has not been cited to me any law which entitles parties to tax the expenses of a referee such as those above mentioned. The provisions of section 3296, Code, covering this subject, when it provides that a referee "is entitled to ten dollars for each day spent in the business of the reference," seems to exclude the idea of a further allowance for such expenses, in the absence of special provision therefor.

The stipulation made by the parties, and above referred to, that the referee might fix his own fees, was not a sufficient compliance with the provisions of the same section of the Code, limiting a referee's fees to $10 per day, "unless, at or before the commencement of the trial or hearing, a different rate of compensation is fixed, * * * manifested by an entry in the minutes of the referee or otherwise in writing." The amount taxed for referee's fees and expenses, therefore, must be reduced in each case to one-third of a per diem of $10 for 25 days, certified by the referee, unless the defendants elect to accept the stipulation of the plaintiff, that referee's fees may be allowed and taxed at $25 per day for 25 days, and the sum of $100 allowed and taxed for expenses. I do not think that the defendants were entitled to tax witnesses' fees for every witness in every one of the cases, or three times altogether.

What has been said in connection with referee's fees with reference to the cases being tried as one case applies also, of course, to the witnesses' fees. The witnesses, as I understand it, were called once, and sworn for the benefit of all three cases. If it had been necessary for the defendants to compel the attendance of a witness in all three of these cases, it would have been proper to pay and tax fees three times, and, if the cases had been tried as separate cases, it would undoubtedly have been proper for the defendants to so subpoena their witnesses in every case and pay fees therefor. But I do not think that this was the contemplation of the parties, or that the defendants, as a matter of precaution and safety even, were so required to do with their witnesses. It was expressly stipulated that "the evidence is to be taken as in one case, and to be deemed to be taken in all of the cases, so far as applicable." The plain meaning of this, it seems to me, was that the witnesses should be subpoenaed and sworn in one case, and then that their evidence should be applied to and used in the other cases, and that it was not necessary for the defendants, in order to get the evidence of a witness, to subpoena him in three cases. So far as appears, the evidence of all of the different witnesses was applicable to all of the cases; and, when one of them had been subpoenaed and sworn in one case, defendants, under the stipulation in question, had the benefit thereof in the other cases, and there was no necessity for subpoenaing him therein. This conclusion leads to correcting the taxation of the witnesses' fees by apportioning one set of fees to the three cases.

The only complaint urged against the stenographer's fees is that defendants have paid for and are seeking to tax the expense of a third copy of the stenographer's minutes, at the sum of $170. The

:stipulation covering this subject, and above quoted, did not provide how many copies should be written out, and there is not very clear ·evidence upon that subject. There seems to have been a misunderstanding between the attorneys about how many copies there should be, but, upon all of the facts, I am disposed to think that there was ·enough of an acquiescence of the plaintiff's attorney in the printing ·of the third copy so that the defendants' attorneys, having paid therefor in good faith, should be allowed to tax the same.

The defendants' attorneys make a cross motion for the allowance ·of motion costs upon the dissolution of injunction orders which were originally granted in these cases, and think they should be allowed $10 for the motion which they made to dissolve the same. If plaintiff's attorney consents thereto, they may be allowed $10 costs for such motion, and he may be allowed $10 costs of this motion. ·Otherwise no costs are allowed for either motion. Ordered accordingly.